**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4089**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRESE STOKLEY, a/k/a Ty,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:21-cr-00016-D-1)

Submitted:  July 25, 2024                                                  Decided:  July 30, 2024

Before GREGORY, HARRIS and QUATTLEBAUM, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Ryan M. Prescott, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrese Stokley pled guilty, pursuant to a written plea agreement, to distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The district court sentenced Stokley to 240 months' imprisonment followed by three years of supervised release. Stokley now appeals. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Stokley's guilty plea was valid and whether his sentence was reasonable. The Government has moved to dismiss Stokley's appeal pursuant to the appellate waiver in his plea agreement.

The waiver provision in the plea agreement does not preclude our review pursuant to *Anders* of the validity of the guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Because Stokley did not seek to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Stokley entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea, and that his guilty plea is valid. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991) (discussing district court's obligations under Rule 11).

Next, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant

2

enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

We have reviewed the record, including the plea agreement and the transcript of the Rule 11 hearing, and conclude that Stokley knowingly and intelligently waived his right to appeal his conviction and sentence. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues raised by *Anders* counsel fall squarely within the waiver's scope.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Stokley's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the appeal waiver. We also affirm the remainder of the judgment.

This court requires that counsel inform Stokley, in writing, of the right to petition the Supreme Court of the United States for further review. If Stokley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stokley. We dispense with oral argument because

3

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*